Yongjin Bae, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Email: ybae@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Rincon, individually and on behalf of all other employees similarly situated,<br><br>                          Plaintiffs,<br><br>                  - against -<br><br>Northeast Power Dry, Inc., David DeFreitas, and Peter Philip,<br><br>                          Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff John Rincon ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Northeast Power Dry, Inc., David DeFreitas and Peter Philip (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, including workers whose duties were removal of sewage and the cleanup of overflowing toilets, and all other non-exempt employees of the Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from Defendants' various

willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each week.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiffs further allege pursuant to NJWHL that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7. Plaintiff John Rincon (hereinafter "John" or Plaintiff "John") is a resident of New

Jersey State and was employed by the Defendants Northeast Power Dry, Inc, (hereinafter "Northeast Power Dry") located at 1 Chimney Rock Rd, Bridgewater, NJ 08807-0803.

8.      Plaintiff John was hired as a laborer and general support staff, from April 17, 2021 to April 28, 2023.

## DEFENDANTS

9.      Upon information and belief, Defendant, Northeast Power Dry, Inc. (hereinafter "Northeast Power Dry") had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Northeast Power Dry and handled goods moved in interstate commerce.

10.     Upon information and belief, Northeast Power Dry has about 50 employees.

11.     Upon information and belief, Defendant David DeFreitas (hereinafter "David") is the officer, and/or managing agent of Northeast Power Dry at 1 Chimney Rock Rd, Bridgewater, NJ 08807, and participated in the day-to-day operations of Northeast Power Dry.

12.     Upon information and belief, David interviewed Plaintiff and determined Plaintiff's salary rate. During Plaintiff's employment in Northeast Power Dry, David supervised him, and handled Plaintiffs' payrolls. He personally paid Plaintiff's salaries all in cash.

13.     Thus, Defendant David acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Daivd is jointly and severally liable with Northeast Power Dry.

14.     Upon information and belief, Defendant Peter Philip (hereinafter "Peter") is the officer, and/or managing agent of Sushi To Northeast Power Dry at 1 Chimney Rock Rd,

Bridgewater, NJ 08807-0803, and participated in the day-to-day operations of Northeast Power Dry.

15. Upon information and belief, Peter interviewed Plaintiff and determined Plaintiff's salary rate. During Plaintiff's employment in Northeast Power Dry, Peter supervised him, and handled Plaintiffs' payrolls with David. He personally paid Plaintiff's salaries via direct deposit to Plaintiff's bank account.

16. Thus, Defendant Peter acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Peter is jointly and severally liable with Northeast Power Dry.

17. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Northeast Power Dry.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff's their lawfully earned basic minimum hourly wages and overtime compensation, and made improper retention of employees' tips, in violation of the NJWHL.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

20. Defendants committed the following alleged acts knowingly, intentionally and willfully.

21. Defendants knew that the failure to pay overtime compensation would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

22. From April 17, 2021 to April 28, 2023, Plaintiff John was hired by Defendants to work as a laborer and general support staff for Defendants' business located at 1 Chimney Rock Rd, Bridgewater, NJ 08807-0803.

23. Upon information and belief, Plaintiff John's job duties included, but were not limited to, the removal of sewage and the cleanup of overflowing toilets.

24. Upon information and belief, Plaintiff John worked 5 days a week with Sunday and Monday off throughout his employment. From Tuesday to Saturday, Plaintiff John has the same schedule. He would start working at 7:30 am and get off around 12:00 am. Plaintiff John took 1 hour break for meals.

25. Thus, Plaintiff John worked from approximately Seventy-Seven and a half (77.5) hours per week.

26. At all relevant times, Plaintiff John was paid at a straight hourly rate of $18, regardless of his actual hours worked. Defendants paid Plaintiff John weekly via direct deposit to Plaintiff's bank account.

27. Defendants promised to pay Plaintiff John overtime properly, but no matter how many hours he worked, Plaintiff John always received an hourly rate of $18.

28. Defendants did not count or compensate Plaintiff John for overtime wages according to state and federal laws.

29. Defendants committed the following alleged acts knowingly, intentionally and willfully.

30. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

31. Defendants did not provide Plaintiff and other employees with written notices about

the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

32. Defendants committed the foregoing acts against the Plaintiffs, and the FLSA Collective Plaintiffs.

**COLLECTIVE ACTION ALLEGATIONS**

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in violation of the FLSA and NYWHL and the supporting federal and New Jersey State Department of Labor Regulations.

34. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

35. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Ten (10) Collective Action members, who have worked for or have continued to work for the

Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

36. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

37. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

38. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

39. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

40. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wages
Brought on behalf of Plaintiffs and the FLSA Collective]**

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

8

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

44. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

45. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

46. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

47. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

48. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as

liquidated damages.

## COUNT II

**[Violations of the NJWHL—Overtime Wages
Brought on behalf of Plaintiffs]**

50. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

52. Defendants' failure to pay Plaintiffs their overtime wages required by law violated the NJWHL.

53. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

54. The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

55. Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

56. Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known

such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT III

**[Violation of New Jersey Earned Sick Leave Law- N.J.S.A. 34:11D-1 et seq. - Failure to Pay Sick Leave]**

57. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

58. Defendants willfully failed to pay Plaintiff for earned sick leave time provided for by the New Jersey Earned Sick Leave Law ("NJESL") and forced him to be absent due to sickness and other covered family issues without pay.

59. Due to Defendants' willful violations of the NJESL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre and post judgment interest, and liquidated damages.

60. Plaintiff John suffered a hernia and got a surgery, during his absence due to medical treatment, he received no payment from the employer.

61. When Plaintiff sought timely payment of sick leave and complained about the lack of payment, Defendants denied to pay compensation under NJESL.

62. As such, Plaintiff is entitled to damages and reinstatement for unlawful retaliation.

## COUNT IV

**[Violations of the Families Coronavirus Response Act ("FFCRA")-Unpaid Wage and FLSA]**

11

63. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

64. Plaintiff was eligible for and notified Defendants of his need for paid sick leave for the two-week period (from in or about October 1, 2021 to on or about October 14, 2021) that he was unable to work due to the COVID-19 pandemic. Plaintiff also notified to Defendant the same from in or January, 2023 that he could not work for two weeks.

65. Pursuant to the FFCRA, Defendant was required to provide Plaintiff with eighty (80) hours of paid sick time at two-thirds of the amount of his regular rate of pay (as determined under section 7(e) of the FLSA, 29 U.S.C. § 207(e)) not to exceed "$200 per day and $2,000 in the aggregate." See FFCRA, Division E–Emergency Paid Sick Leave Act §§ 5102(b)(2)(A); 5110(5)(A)(ii)(II); 5110(5)(B)(i)(I).

66. An employer who fails to provide an employee with paid sick time and violates section 5102 of the FFCRA's EPSLA is "considered to have failed to pay minimum wages in violation of section 6 of the [FLSA] (29 U.S.C. 206)" and is "subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation." Id. at § 5105(a)(1)–(2).

67. Defendants failed to pay Plaintiff any of the above required wages under the from in or about October 1, 2021 to on or about October 14, 2021 and January 2023.

68. As a result of Defendants' willful failure to pay Plaintiff the aforementioned paid sick time and compensation due him, Defendant violated the FFCRA and FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

69. Defendant's aforementioned actions or omissions constitute willful violations of the FFCRA/FLSA.

70. Defendant acted willfully and either knew that its conduct violated the FFCRA and FLSA or showed a reckless disregard for the matter of whether its conduct violated the FFCRA/FLSA.

71. Defendant did not act in good faith with respect to the conduct alleged herein.

72. Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA/FLSA.

73. As a result of Defendant's aforementioned violations of the FFCRA/FLSA, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, unpaid sick time compensation, and is entitled to an additional equal amount as liquidated damages.

**Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Northeast Power Dry, Inc., its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and NJWHL, whichever is greater;

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJWHL;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

n) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation pursuant to 29 USCS § 215(a)(3);

o) A declaratory judgment declaring that Defendants have violated the sick leave provisions of New Jersey Earned Sick Leave Law (NJESL);

p) An award of unpaid wages due under and NJESL;

q) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJESL;

r)    A declaratory judgment declaring that Defendants have violated the Families Coronavirus Response Act ("FFCRA");

p)    An award of unpaid wages due under and FFCRA;

q)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to FFCRA;

r)    The cost and disbursements of this action;

s)    An award of prejudgment and post-judgment fees;

and

t)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York                                HANG & ASSOCIATES, PLLC.

July 13, 2023                                            /s/ *Yongjin Bae*

Yongjin Bae, Esq.
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
ybae@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by Northeast Power Dry, Inc. I consent to be a Plaintiff in an action to collect consequential damages, lost wages, and compensatory damages, I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named Plaintiff in this case.

John Rincon
Full Legal Name (Print)

*/s/ John Rincon*
Signature

July 7, 2023
Date